[No. 3619. Decided August 30, 1901.]

P. J. FLINT, *Appellant,* v. FRANK HORSLEY *et al., Respondents.*

COUNTIES—BOARD OF COMMISSIONERS—POWERS—ESTABLISHMENT OF COUNTY ROADS.

Under Bal. Code, §§ 3771-3782, prescribing the method of procedure for the establishment of roads by the county commissioners, and providing that a petition therefor must be presented by householders residing in the vicinity of the proposed road setting forth its terminal points, its course and width; that viewers shall be appointed to view, lay out and survey the same as nearly as practicable in accordance with the petition, and make report thereon to the board; that the board must thereupon

order a hearing, of which notice must be given to those interested in the lands to be taken, and that the board shall thereafter declare "whether the road shall be established in accordance with the report of the viewers, or otherwise, or at all," the county commissioners have no authority upon the hearing of an adverse report thereon by the viewers, to order the establishment of a road along another route and reaching a different terminal than the one viewed, surveyed and reported upon by the viewers.

Appeal from Superior Court, Yakima County.—Hon. JOHN B. DAVIDSON, Judge. Reversed.

*Whitson & Parker,* for appellant.

*John B. Rudkin,* and *Frank H. Rudkin,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an appeal from the judgment of the superior court of Yakima county, refusing to vacate and set aside an order of the board of county commissioners of that county establishing a county road and vacating a part of an established road. From the record it appears that E. O. Keck and others presented a petition to the board of county commissoners of Yakima county praying for the establishment of a county road over and along a route described as follows: "Commencing at the county road on the north west corner of section twenty-six, township eleven north, of range twenty east, Willamette Meridian; running thence east, to the north east corner of the north west quarter of the north west quarter of said section; thence south, to the south east corner of said quarter quarter; thence east, forty rods; thence south, eight rods; thence east, one hundred and thirty rods; thence south, eighty rods; thence east, seventy rods to the east line of said section; thence south, to a county road laid out and established on the bluff of said section twenty-six about forty rods and ending at said

point;" and further praying that an existing county road between the termini of the proposed road be vacated. On the presentation of the petition the usual order was made by the board, appointing viewers to examine the route of the proposed road, view, lay out, and survey the same, and to make a report of their doings in conformity with the requirements of the statute. The viewers so appointed, after an examination and survey of the proposed route, reported that it was not a necessity, and ought not to be established and opened, but did not report upon the feasibility or cost of any other route than the one petitioned for, which could subserve the same purpose. On the filing of the report of the viewers with the board of county commissioners, a hearing was had thereon, at which they ordered the establishment of a county road over a route described in the order as follows: "Commencing at the county road on the north west corner of section 26 in township 11 north, of range 20 east, W. M., said point being the center line of said road; running thence south, along the section line 20 chains more or less to a point on said section line 20 feet north of the southwest corner of the north west quarter of the north west quarter of said section 26; thence east, 20 chains more or less, parallel and 20 feet north of the south line of said forty acres, to a point on the east line of said forty acres; thence south 20 feet; thence east, 10 chains more or less on the south line of the northeast quarter of the northwest quarter of said section 26, to the northeast corner of the west half of the southeast quarter of the northwest quarter of said section 26; thence south, 25 chains more or less to the top of the bluff; thence southeasterly along said bluff on a grade to be established, to a point on county road No. 23 at the foot of said bluff as now established;" and ordered that the existing road between the commencement and terminating points of the

newly established road be vacated.   It appears from the
maps accompanying the record that there is a wide dif-
ference between the road petitioned for and surveyed and
the one the board attempted to establish.   While the start-
ing point of each is the same, they terminate at points
nearly half a mile apart.   The road petitioned for is over
a mile and three-quarters in length, while the one attempted
to be established is but little more than one mile.   The
former passes on the north and west sides of the forty-
acre tract on the northeast corner of the section described,
while the latter passes on its west and south sides.   It is
evident also, that the established road follows the line of
the survey made by the viewers for about three-eighths of
a mile only; that for the remainder of the way its courses
and distances are estimated, and there has never been any
survey of the road as established, and, of course, no data
prepared from which its actual location upon the ground
can be accurately determined.

A board of county commissioners is a tribunal of spe-
cial and limited jurisdiction.   Its powers are wholly stat-
utory.   It must act, if it acts legally and within its au-
thority, in substantial accord with the statute granting its
powers.   In proceedings to lay out and establish a county
road, the statute requires that a petition in writing be
presented to the board, signed by at least ten householders
of the county residing in the vicinity of the proposed
road.   The petition must set forth the terminal points of
the proposed road, the course, the width, and that the pro-
posed road is practicable, and will be of general use and
public utility.   Upon the filing of the petition, the board,
if it is satisfied that the petition contains the matters
and things required by law to be set out therein, shall ap-
point three disinterested persons as viewers, one of whom
must be the county surveyor or his deputy, whose duty it

is to examine the route of the proposed road, view, lay out, and survey the same in accordance with the petition, as nearly as practicable, and mark plainly the course of the road as surveyed. When the view and survey is completed, the viewers must file a report in writing with the board of county commissioners, showing, among other things, the terminal points, course, and length of the road as laid out and surveyed, and their opinion as to the necessity of the road, and whether the same ought to be established and opened or not; and they may, in their discretion or by order of the board, report upon the feasibility and cost of any other route than the one petitioned for, which could subserve the same purpose. After the report of the viewers is filed, it is the duty of the board to order a hearing thereon, of which notice must be given to the owners, lessees, and incumbrancers of the lands to be taken for such road, and at which they shall hear and consider all testimony and documentary evidence adduced for and against the establishment of the proposed road, "and shall, at that time or as soon thereafter as may be, declare by order the decision of the board: (1) As to whether the road shall be established in accordance with the report of viewers, or otherwise, or at all, . . . ." (Bal. Code, §§ 3771-3782.)

It seems to us clear from the statute that the board of county commissioners, when petitioned to establish a county road, must, if it establishes the road at all, establish it along the route, or, if more than one is reported, along one of the routes, viewed and surveyed by the viewers. It is to this question that the hearing is directed, and only those persons whose property would be taken by the establishment of the road as surveyed are required to be notified of the hearing. What may be the proper construction of the phrase "or otherwise," in the section

of the statute above quoted from, it is not necessary here to determine. We are satisfied, however, that it cannot be held to confer power upon a board of county commissioners to establish a road along a different route from that laid out and surveyed by the viewers.

The order of the board in the matter before us was in excess of its powers and void. The judgment appealed from will, therefore, be reversed, and the cause remanded with instructions to the lower court to direct that it be vacated.

REAVIS, C. J., and DUNBAR, WHITE and ANDERS, JJ., concur.